UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONNY ALEXANDER ESCOBAR,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03568-DJC-EFB

RELEASE ORDER

Petitioner Jonny Escobar is a citizen of El Salvador who sought protection in the United States from persecution and torture by police and MS-13 gang members on September 5, 2022. (Habeas Petition ("Pet.") (ECF No. 1) ¶ 24.) Following his entry, Petitioner was detained by immigration officials and placed in immigration proceedings. (*Id.*) Petitioner has remained in immigration custody for nearly four years. (*Id.* ¶ 1.) While detained, Petitioner was diagnosed with severe Post Traumatic Stress Disorder, Other Specified Schizophrenia Spectrum and Other Psychotic Disorder with persistent auditory and visual hallucinations, and Persistent Depressive Disorder, alongside gastritis, tuberculosis and permanent hearing loss. (*Id.* ¶ 26 (citing Houston Decl., Ex. B (ECF No. 1-4) ¶ 3.) While in detention, Petitioner's mental and physical health have significantly deteriorated. (*See id.* ¶ 12.)

1

On March 28, 2024, an Immigration Judge determined that Petitioner was not mentally competent to represent himself and appointed a qualified representative pro bono attorney pursuant to *Franco-Gonzalez v. Holder,* 767 F. Supp. 2d 1034 (C.D. Cal. 2010). (*Id.* ¶ 25 (citing Ex. A (ECF No. 1-3).) In light of Petitioner's status as a *Franco-Gonzalez* class member and considering the severity of his mental health conditions, an Immigration Judge granted Petitioner's request for certain safeguards in removal proceedings. (*Id.* ¶ 30 (citing Ex. D (ECF No. 1-6).) Petitioner has a detailed release plan in the event of his release under appropriate conditions. (*Id.* ¶ 38 (citing Ex. F (ECF No.1-8).)

On October 10, 2025, an Immigration Judge granted Petitioner deferred removal under the Convention Against Torture from El Salvador, which DHS did not appeal. (*Id.* ¶ 31 (citing Ex. E (ECF No. 1-7).) After the CAT grant was finalized, ICE informed Petitioner that it sought to remove him to a third country and attempted to remove Petitioner to Mexico. (*Id.* ¶ 6.) On March 9, 2026, this Court held that Petitioner was entitled to "adequate notice and a full and fair hearing on his fear-based claim before an immigration judge and advance notice to his [Qualified Representative]." (*Id.* ¶ 36.) On March 11, 2026, Petitioner's immigration case was re-opened to fully litigate his fear of removal to Mexico. (*Id.* ¶ 37.) Petitioner contends that a merits hearing date has not yet been set in the matter but maintains that he has a final order of removal as to El Salvador. (*Id.* ¶ 9.)

Petitioner argues that he has a final order of removal and is detained under 8 U.S.C. § 1231 and that the framework under *Zadvydas v. Davis*, 533 U.S. 678 (2001) applies. Respondent argues that no final, executable order of removal exists because the government was previously ordered to re-open Petitioner's removal proceedings such that *Zadvydas* does not apply. (Opp'n (ECF No. 8) at 2.)

In reviewing the procedural posture of the instant case, the Court finds that Petitioner remains detained under § 1231(a). The question at the core of Petitioner's third country removal proceedings is not <u>whether</u> Petitioner can be removed, but

rather _where_ Petitioner may be removed.  The ongoing third country removal proceedings are to provide Petitioner with an opportunity to present a fear-based claim prior to removal.  The Supreme Court has explained that

> If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the [noncitizen] _to_ that particular country, not _from_ the United States.  The removal order is not vacated or otherwise set aside.  It remains in full force and DHS retains the authority to remove the [noncitizen] to any other country authorized by the statute.

_Johnson v. Guzman Chavez,_ 594 U.S. 523, 536 (2021) (emphasis in original).  Because Petitioner would only be challenging his removal to a specific country in the third country proceedings, the Court finds that the final removal order executed against him is still in effect.

As Petitioner is detained pursuant to 8 U.S.C. § 1231(a), his detention is permitted as a noncitizen subject to final order of removal beyond the removal period if the individual "is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or ... has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).

However, as this Court has previously explained, the Supreme Court has found an "implicit limitation" on section 1231(a)(6) that limits a noncitizen's "post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States."  _Zadvydas_, 533 U.S. at 689.  If a detainee has been detained for longer than six months, they are entitled to release if they can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to "respond with evidence sufficient to rebut that showing."  _Id_. at 701.

////

"Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Liu v. Casey*, No. 26-cv-00720-LL-DEB, 2026 WL 482863, at *5 (S.D. Cal. Feb. 20, 2026) (internal quotation marks omitted).  However, Petitioner must at least supply more than "conclusory statements suggesting that he will not be removed." *Id.* (internal quotation marks omitted).  Further, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.  Petitioner has now been detained after a final order of removal for nearly eight months.

The Petition establishes that Petitioner's removal is not reasonably foreseeable. Petitioner received a final order of removal in October 2025 and was granted deferred removal under CAT without the Immigration Judge identifying any alternative countries for removal.  After the Government later attempted to remove Petitioner to Mexico, the Court required that he receive due process prior to any third country removal so that he may present a fear-based claim.  Those proceedings are ongoing, and it is unclear when they will resolve particularly in light of Petitioner's concern about MS-13's presence in Mexico and a fear of being sent back to El Salvador from Mexico (Pet. ¶¶ 41, 42).  *See Rodriguez v. Warden, Golden State Annex Det. Facility,* No. 1:26-cv-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) (holding petitioner met this burden because there was "ongoing litigation before the assigned immigration judge related to petitioner's withholding of removal claim.").

Respondents argue that Petitioner's removal is not indefinite because the path forward in resolving Petitioner's third country claim is clear: if the fear claim is viable, Respondents will identify a different country but if Petitioner is not found to have a viable claim then the government will resume scheduling removal.  Respondents also argue that Petitioner's detention is also not "too long" as there is no constitutional

requirement for release based on prolonged pre-order detention and because Petitioner had a hearing date on May 22, such that the proceedings are proceeding apace.  Although these proceedings are ongoing, there is no indication as to when they will conclude.  *See M.S.C.R. v. Lyons,* No. 1.26-cv-00594-DJC-EFB, 2026 WL 1500858, at *2 (E.D. Cal. May 28, 2026) (noting that even if a country may accept a petitioner upon the conclusion of current proceedings does not indicate when those proceedings would conclude).  Thus, Respondents have not shown a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

Accordingly, the Court finds that Petitioner's release is appropriate.  *L.R. v. Noem*, No. 2:25-cv-02019-RFB-BNW, 2026 WL 161605, at *12 (D. Nev. Jan. 21, 2026) ("The remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision.").

**CONCLUSION**

The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count Two.  Respondents are ORDERED to immediately release Petitioner Jonny Alexander Escobar from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i) and any other applicable statutes and regulations.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

////

////

////

////

////

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6